270

Argued March 7, ballot title approved; appeal dismissed
March 14, 1962

## OREGON ASSOCIATION OF INDEPENDENT INSURANCE AGENTS *v.* APPLING ET AL

369 P. 2d 692

*Grant T. Anderson,* Portland, argued the cause for petitioner. With him on the brief were King, Miller, Anderson, Nash & Yerke and R. Lee Johnson, Portland.

*Jack L. Sollis,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General, and Robert A. Holland, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

ROSSMAN, J.

July 19, 1961, there was filed in the office of the Secretary of State, as authorized by ORS 254.030, an initiative measure pertaining to compulsory automobile insurance and associated matters. August 1, 1961, the Attorney General, pursuant to the duty imposed upon him by ORS 254.060, prepared for the measure a ballot title reading as follows:

"COMPULSORY AUTOMOBILE INSURANCE LAW

"PURPOSE: Requires automobile owners and operators to carry liability insurance or furnish other proof of financial responsibility. Authorizes state-established insurance rates. Provides penalties."

The Oregon Association of Independent Insurance Agents filed, under the provisions of ORS 254.080, an amended petition which objected to the Attorney General's ballot title upon the ground that it "is improper in that it fails to give a true and impartial statement of the purpose of the measure, in that * * *." At that point the averment specifies four comprehensive particulars.

This court has given extensive consideration to the attack made by the petitioner upon the ballot title which the Attorney General prepared and which is quoted above.

Our previous decisions set forth the attributes and qualities which a ballot title should possess. We need not quote from those decisions nor repeat the attributes. The ballot title prepared by the Attorney General is deemed by us as sufficient, and will be certified to the Secretary of State.

Ballot title approved; petitioner's appeal dismissed.